## Case No. 17,457.

### WESTON v. UNITED STATES.

[5 Cranch, C. C. 492.] [1]

Circuit Court, District of Columbia. Nov. Term, 1838.

LARCENY—WHAT CONSTITUTES—INSTRUCTIONS.

It is error in the judge to instruct the jury that certain facts constitute larceny, unless the animus furandi be expressly stated as one of those facts; and unless the fact be also stated that the goods were taken without the consent of the owner.

[Cited in State v. Slingerland (Nev.) 7 Pac. 281.]

Error from the criminal court of the District of Columbia.

The prisoner [Clement B. Weston] was indicted for stealing twenty-six silver coins of the value of fifty cents each, sixteen silver coins of the value of twenty-five cents each, and nine silver coins of the value of one

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

dollar each, of the goods and chattels of one Sophia Brasey.

Upon the trial the attorney for the United States, prayed the following instruction, namely: "If the prisoner is believed, by the jury, to have come into the witness's house and found her counting money; and that he then conceived the intention to obtain the money under a fraudulent and false pretence of changing it for her into gold, meaning at the time to appropriate it to himself under this pretence; and that, having falsely stated himself to be a clerk in the post-office, of the name of Wilson, he thereupon, in pursuance of his said intention, talked and acted, in relation of the said money, so as to induce the witness to believe that he had the gold about him, and would then give her the gold for the money; and thereupon the witness being so induced to believe that the prisoner was about to give her gold, in exchange for her money, allowed him to take the money from the table and put it into his pocket; and that after he had so taken it up and put it into his pocket, he said he would go and bring her the gold, and was permitted by her to go away with it, upon his promise to return and bring her the gold; then the taking up and pocketing the money, under the circumstances of the case above stated, if believed by the jury to be true, with the intent and in the manner above stated, is larceny." Whereupon, the defendant's counsel prayed the court that the following addition be made to said instruction, if given, namely: "But should the jury believe, from the evidence, that the prosecutrix proposed to the defendant to take the money and get gold for it, and that he said he would try to do it, but as gold was hard to be got, or words to that effect, he did not know if he could, and that said money was delivered to him for that purpose, with the consent of the prosecutrix, notwithstanding the defendant may not have returned the money so proposed to be changed, it is not larceny, and the defendant is entitled to a verdict of acquittal." The instruction, with the addition, as prayed, was given by the judge, and the defendant's counsel took a bill of exceptions, upon which the cause was brought up to this court by writ of error.

Two objections were made to the instruction granted at the prayer of the district attorney: 1. That it does not require the jury to find that the money was taken animo furandi, or feloniously. 2. That the facts stated in the prayer, do not show that the taking was without the consent of the owner of the money, or, as the books say, "invito domino."

R. J. Brent and Mr. Carlisle, for defendant, cited 2 Russ. 93, 107–110, 112, 114, 117, 122, 135, 187; Rosc. 487, 491; Rex v. Walsh, 4 Taunt. 281; Dane, Abr. 164, 187; U. S. v. Pearl [Case No. 16,022], in this court, at

March term, 1838; Rex v. Pratley, 5 Car. & P. 533; Six Carpenters' Case, 8 Coke, 146a; 1 Russ. Crimes, 52; Young v. Rex, 3 Term R. 98.

Mr. Key, for the United States, contra, cited 2 Russ. 118, etc.; 2 Chit. Bl. 108, note. See, also, 2 Russ. 113; Phineas Adams' Case.

CRANCH, Chief Judge, after stating the case, delivered the opinion of the court (THRUSTON, Circuit Judge, dissenting).

The facts stated in a bill of exceptions are to be considered by the court exactly as if they had been found in a special verdict; for the court tells the jury what the law is upon the facts to be found by them; and the only difference is, that if a special verdict be found, the court decides the law after the facts are ascertained by the jury; and in giving an instruction at the trial, the court decides the law before the facts are found. And the court, in giving an instruction, can no more infer any fact not expressly stated in the prayer, than they can infer any fact not expressly found in a special verdict. A court cannot instruct a jury that certain facts constitute a certain offence, unless every essential fact necessary to constitute the offence be included in the statement. And every instruction given to the jury upon an hypothetical statement of facts, must be as strictly justified by the hypothesis, as an opinion given upon a special verdict must be by the facts found by the jury; and in neither case can the court infer any fact from the facts stated, or found. Every fact to be inferred from facts stated, must be expressly found or stated. There is no definition of larceny, to be found in the books, which does not include the fact of a felonious intent, or the animus furandi, as an ingredient necessary to constitute the offence. No other intent can be substituted. An "intention to obtain money under a fraudulent and false pretence," "meaning at the time to appropriate it to himself under this pretence," is evidence from which the jury may, when connected with other circumstances, infer the animus furandi, but it is not the animus furandi itself. There may be a fraudulent intent to obtain money, which may not be a felonious intent. So there may be a taking of money by a man, with intention to obtain it under a fraudulent and false pretence, and to appropriate it to himself under that pretence, which might not be a felonious taking, or a taking animo furandi. An instruction that such a case is larceny, without finding the felonious intent, or the intent to steal, is not perfectly correct in law.

There is a great difference between an instruction to the jury, and a demurrer to evidence. In the latter case the question is, whether the evidence, with the aid of all the inferences which the jury may lawfully make from the facts proved, is sufficient to justify the jury in finding the defendant guilty. The same question arises upon a motion for a new trial on the ground that the verdict is against evidence. In such cases, the judges have been in the habit of saying that such and such facts amount to larceny; when it is evidently their meaning, that the convictions were right, that is, justified by the evidence; or, in other words, that the evidence was sufficient to justify the jury in convicting the prisoner, because it justified them in finding the animus furandi. It is in this way that all the English cases which have been so profusely cited, came before the courts. In all of them the question was, whether the jury could in law, find the prisoner guilty, upon the evidence stated as in a demurrer to evidence; and, of course, leaving the jury to draw all the inferences which they could lawfully draw from the facts given in evidence; and in almost every one of them the jury was left to find the felonious intent. Not one of them was upon a bill of exceptions taken to an instruction to the jury by the court upon an hypothetical state of facts. In some of them the judges were of opinion that the facts stated justified the jury in finding the felonious intent, and, consequently, in finding the prisoners guilty. The English cases, therefore, do not apply to this part of the case now before this court; which is not upon a demurrer to the evidence, nor on a motion for a new trial; but is upon a bill of exceptions to an instruction given by the judge, that certain facts, per se, are larceny, without finding a felonious intent, or the animus furandi; instead of instructing the jury that the facts stated were evidence from which the jury might infer that the original taking of the money by the prisoner was with the felonious intent to steal it, and that if they should so find, they might find him guilty of larceny, as charged in the indictment. Upon this bill of exceptions, the question is not whether the evidence was sufficient to justify the general verdict of guilty. If such were the question, I should think there was no error as to that part of the instruction to which the defendant has excepted, for which we could reverse the judgment. But as the judge did not make it a condition of the instruction that the jury should find the felonious intent, or the animus furandi, we think there is error in the instruction, for which the judgment should be reversed and a venire de novo awarded.

2. The second objection to the instruction is, that the facts stated in that part of it to which the defendant excepted, do not show that the taking of the money was without the consent of the owner. Before the judge could correctly instruct the jury that the case stated constituted larceny we think he should have inserted a condition that the jury should find from the evidence that the

defendant took the money without the consent of the owner. The finding of facts from which that inference might be drawn, is not a sufficient finding to constitute the case stated, per se, larceny. Judgment reversed, and venire de novo awarded.